ANNIE FERRERI, an Infant, by CARMELA FERRERI, Her Guardian ad Litem, Respondent, *v.* JAMES N. WEBB, Appellant.

First Department, October 31, 1924.

**Negligence — action to recover for injuries to plaintiff's arm which were suffered when she was caused to fall by nail projecting from floor of hall of defendant's apartment house — plaintiff is child and injury to arm is permanent — $5,000 damages not excessive — evidence — error to reject signed statement of witness for plaintiff contradicting her testimony — error to refuse to permit witness for defendant to swear that she did not see nail.**

In an action to recover for injuries to the plaintiff's arm which were suffered when she was caused to fall by a nail projecting from the floor of the hall of defendant's apartment house, a verdict for $5,000 is not excessive in view of the fact that the injury to the arm constitutes a deformity, is permanent, and tends to grow more aggravated.

It was error to reject a written statement made by one of plaintiff's witnesses, who was unable to read or write either the English or her native language, signed with her mark, where it appears that the statement contradicts her testimony that, a short time before the accident, she saw a nail projecting from the floor of the hall.

It was error for the court to refuse to permit a disinterested witness for the defendant, who was familiar with the hall in question and had constantly passed through it, to testify that she did not see a nail projecting from the floor.

APPEAL by the defendant, James N. Webb, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of May, 1923, upon the verdict of a jury for $5,000, and also from an order

entered in said clerk's office on the 24th day of May, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Phillips, Jaffe & Jaffe* [*D. D. Walton* of counsel; *Moses Jaffe* with him on the brief], for the appellant.

*Samuel B. Cooper* [*George M. Curtis, Jr.,* of counsel], for the respondent.

SMITH, J.:

The plaintiff is an infant. She fell in the hallway of defendant's apartment house. It is claimed that she fell by reason of the projection of a nail an inch and a half above the floor and that that nail had been there for several weeks. The plaintiff was at the time of the trial nine and a half years old, and was about six years old at the time of the accident.

The evidence sustains the judgment as to the negligence of the defendant and as to the fact that the plaintiff was free from contributory negligence. The verdict was for $5,000. The child had suffered an injury to the arm which constitutes a deformity and the injury is permanent and tends to grow more aggravated. The judgment cannot be deemed to be excessive.

There was a statement made by a witness for the plaintiff, to which she made her mark. She swore, however, that she did not know what was in the statement. The woman could not read or write either English or her native language, and she states that she did not know what was in the paper. The paper was not allowed in evidence, and the defendant excepted. In the statement it was said: " I state that I used that hallway every day and that I used same on the day of the accident and I found all the boards in that floor in good condition and I never saw any nails protruding from the boards of that floor. The floor is in the same condition today as at the time of the accident. No repairs were made on that floor since the time of the accident." This statement although called to the attention of the witness was rejected. It was error to reject her statement. She had sworn upon direct examination: " Two days before I noticed a nail and I hit against it myself." This was a material witness for the plaintiff. She had signed a paper which contained a statement directly contradictory to what she had sworn to, and that statement was clearly competent evidence and was material.

Again, Domenica Di Angela was called as a witness on behalf of the defendant. She was one of the tenants there and lived there for nine years. She went by this place four or five times a day and she always looked in front of her on the floor. She was

then asked the following question: " Fix your mind on the month of October, before the May that you moved up to the fourth floor and tell me, in walking up and down the stairs in the early part of October or in the end of September, was there any nail sticking out on the floor of the second floor, sticking out about an inch and a half or two inches or two inches and a quarter in front of the Puma's apartment, in front of the, rear apartment? Mr. Curtis: That calls upon her for statements of fact and a conclusion. The Court: Objection sustained." The defendant excepted.

This ruling was clear error. The defendant was entitled to show by this disinterested witness that she had seen no nail there, although she had constantly passed.

For these errors the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and a new trial granted, with costs to the appellant to abide the event.